IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:18CV062-FDW-DSC

| | |
|---|---|
| COTRINNA STAMEY,<br>        Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1]<br>**Commissioner of Social**<br>**Security Administration,**<br>        Defendant. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and Defendant's "Motion for Summary Judgment" (document #17), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

The procedural history is not in dispute. The Court adopts the procedural history as stated

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

in the parties' briefs.

Plaintiff filed the present action on March 8, 2018. She assigns error to the Administrative Law Judge's ("ALJ") determination that she did not meet Listing 1.04(A) and to the formulation of her Residual Functional Capacity ("RFC").[2] See Plaintiff's "Memorandum ..." at 4-16 (document #12). The ALJ found that Plaintiff retained the RFC to perform light work[3] with limitations to occasional stooping and crouching, and requiring a sit/stand option to alternate positions approximately twice per hour without losing productivity. (Tr. 35).

Based upon a hypothetical that factored in the above limitations, the Vocational Expert ("V.E.") testified that Plaintiff could perform her past work as a fabric inspector and production coordinator as those jobs are generally performed, but not as Plaintiff testified she performed them. (Tr. 86). The V.E. also testified that Plaintiff could perform light work as a small parts assembler (DOT number 706.684-022, more than 10,000 jobs available nationally), electronics worker (DOT number 726.687-010, more than 10,000 jobs available nationally), and cashier II (DOT number 211.462-010, more than 250,000 jobs available nationally). (Tr. 86). The V.E. stated that there was no conflict between her testimony and the DOT. (Tr. 87).

Accordingly, the ALJ found that Plaintiff was able to perform other work that existed in significant numbers in the national economy and was not disabled within the meaning of the Social Security Act. (Tr. 46-47).

---

[2] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). (emphasis added).

2

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam).  The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."   42 U.S.C. § 405(g).   In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also  Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson,

3

483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. <u>Lester v. Schweiker</u>, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[4] as that term of art is defined for Social Security purposes.

Plaintiff challenges the ALJ's determination of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." <u>Id</u>.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. <u>See</u> 20 C.F.R. §§404.1512(c) & 416.912(c); <u>see also, e.g.</u>, <u>Stormo v. Barnhart</u>, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); <u>Plummer v. Astrue</u>, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing

---

[4]Under the Social Security Act, 42 U.S.C. § 301, <u>et seq</u>., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> <u>Pass v. Chater</u>, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

An ALJ may satisfy the "function-by-function" requirement by referencing a properly conducted analysis by State agency medical consultants. See Settlemyre v. Colvin, No. 5:14-CV-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96-8p.) (citing Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130, at *8 (W.D.N.C. July 26, 2010); Onishea v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004)). The ALJ considered the opinions and analyses of the State agency medical consultants at the initial and reconsideration levels of review and accorded those opinions some weight (Tr. 43). The State agency medical consultants summarized the medical evidence (Tr. 103-105, 118-120) and prepared a functional assessment with supporting rationale limiting Plaintiff to less than a full range of light work. (Tr. 108-109, 122-123). The ALJ concluded that these opinions were entitled to some weight because they were

5

consistent with and well supported by the evidentiary record. (Tr. 19-20). Accordingly, the ALJ's analysis complies with SSR 96-8p because it properly considered and relied on the State agency consultant's functional analyses.

As the ALJ discussed, there are several inconsistencies throughout the record (Tr. 36). While Plaintiff presented some significant findings during the relevant period, she also exhibited good mobility of the upper extremities, stable gait, no edema, no atrophy, negative straight leg raising, symmetrical reflexes, and normal strength (Tr. 36-37, 373, 444, 675, 676, 679, 681, 684-685, 687-688, 731, 737, 751-752, 755, 757). Contrary to Plaintiff's argument, the ALJ acknowledged significant findings related to her gait, reduced range of motion, and positive straight leg raising (Tr. 36-43). Despite these findings, Plaintiff's functioning was relatively good and stable with medication. Given that the record confirms that Plaintiff's impairments were effectively controlled with treatment, the ALJ properly found them not to be disabling. Gross v. Heckler, 785 F.2d 1166 (4th Cir. 1986).

Plaintiff next argues that the ALJ erroneously determined that her impairments did not meet or medically equal the requirements of Listing 1.04(A). Even a "cursory explanation" at step three may prove "satisfactory so long as the decision as a whole demonstrates that the ALJ considered the relevant evidence of record and there is substantial evidence to support the conclusion." Odoms v. Colvin, 195 F. Supp. 3d 415, 421 (W.D.N.C. 2016) (citing Meador v. Colvin, No. 7:13-cv-214, 2015 WL 1477894, at *3 (W.D. Va. March 27, 2015) and Smith v. Astrue, 457 Fed. App'x 326, 328 (4th Cir. 2011)).

Moreover, Listing 1.04(A) addresses disorders of the spine and requires compromise of a nerve root or the spinal cord with:

6

> Evidence of [1] nerve root compression characterized by neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) [4] accompanied by sensory or reflex loss and, if there is involvement of the lower back, [5] positive straight-leg raising test (sitting and supine).

20 C.F.R. pt. 404, subpt. P., § 1.04(A). Here, the ALJ considered the requirements of Listing 1.04(A) and determined that there was no evidence of compromise of the nerve root and even if there were such evidence, Plaintiff did not present with motor loss, muscle weakness, sensory or reflex loss. (Tr. 35). The ALJ also stated that the record did not reveal spinal arachnoiditis with a need to change position or posture more than once every two hours or lumbar stenosis with an inability to ambulate effectively (Tr. 35). Plaintiff points to positive straight leg raising on the right side, but the evidence did not indicate that it was present while sitting and supine as required by the Listing. The objective findings cited by Plaintiff do not reveal any motor loss. An impairment that manifests only some of the Listing criteria, no matter how severe, does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). The burden of demonstrating that an impairment meets or equals a Listing rests with the claimant. Id.; see also Kellough v. Heckler, 785 F.2d 1147, 1152 (4th Cir. 1986). The ALJ's evaluation of Listing 1.04(A) is supported by substantial evidence.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted it is the ALJ's responsibility and not the Court's "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). There is substantial evidence to support the ALJ's

evaluation of the record and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #17) be **GRANTED**; and the Commissioner's decision be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: October 29, 2018

David S. Cayer
United States Magistrate Judge

8