UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-cv-00062-FDW-DSC

| | |
|---|---|
| COTRINNA STAMEY, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social Security, )<br>)<br>    Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 17). Pursuant to 28 U.S.C. § 636 (b)(1)(B), these motions were referred to the Magistrate Judge David Cayer for issuance of a Memorandum and Recommendation ("M & R") for disposition (Doc. No. 19). The M & R respectfully recommends Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and the Commissioner's decision be reversed. After Plaintiff filed objections to the M & R (Doc. No. 20), and Defendant rested on the memorandum previously filed with this Court (Doc. No. 21), this matter is now ripe for review.

For the reasons set forth, the Court OVERRULES Plaintiff's objections (Doc. No. 20), ACCEPTS and ADOPTS the M & R (Doc. No. 19), DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 11), GRANTS Defendant's Motion for Summary Judgment (Doc. No. 17), and AFFIRMS the Commissioner's decision.

1

# I. PROCEDURAL HISTORY

Plaintiff does not lodge any specific objections to the procedural history and factual Background, Standard of Review, or Discussion of the sequential evaluation process. Having conducted a careful review of these portions of the M & R, the Court finds that the M & R's treatment thereof is correct and supported by the record. Because the procedural posture before this Court is different than that of the magistrate judge, the Court provides a short review of the applicable legal authority for reviewing an M & R.

# II. STANDARD OF REVIEW

A. Review of the Commissioner's Determination

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, 42 U.S.C. § 405(g) (2006); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Rhyne v. Astrue, 3:09–cv–412–FDW–D SC, 2011 WL 1239800, at *2 (W.D.N.C. Mar. 30, 2011). Furthermore, "it is not within the province of a reviewing court to determine the weight of evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456; see also Rhyne, 2011 WL 1239800 at *2.

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir.1986) (quoting Richardson, 402 U.S. at 401); Rhyne, 2011 WL 1239800 at *2. Thus, if this Court finds that the Commissioner applied the correct legal standards and that his decision is

supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

B. Review of the Memorandum and Recommendation

In this case, the M & R recommended that: (1) Plaintiff's Motion for Summary Judgment be denied; (2) Defendant's Motion for Summary Judgment be granted; and (3) the Commissioner's determination be affirmed. The M & R found that there was "substantial evidence to support the ALJ's evaluation of the record and his ultimate determination that Plaintiff was not disabled." (Doc. No. 19 at 7–8).

The Federal Magistrate Act states that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection was made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required, however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Objections to an M & R must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b). Furthermore, "a general objection to a magistrate judge's findings is not sufficient—'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as to reasonably alert the district court of the true ground for the objection.'" United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008) (quoting United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007)). General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. See Jackson v. Astrue, No. 1:09–cv–467, 2011 WL 1883026 (W.D.N.C. May 17, 2011); Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D.Mich. 2004)

("A general objection or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). "Examining new arguments already assessed in the M & R would waste judicial resources; parties must explain why the M & R is erroneous, rather than simply rehashing their prior filings and stating the report's assessment was wrong." Hendrix v. Colvin, No. 5:12–cv–01353, 2013 WL 2407126, at *12 (D.S.C. June 3, 2013). "General or conclusive objections result not only in the loss of de novo review by the district court, but also in the waiver of appellate review." Brock v. Colvin, No. 2:13–cv–0039–FDW–DSC, 2014 WL 5328651, at *3 (W.D.N.C. Oct. 20, 2014) (citation omitted).

## III. ANALYSIS

In Plaintiff's brief to this Court, Plaintiff objects to the M & R on two grounds. First, Plaintiff argues that the M & R erroneously affirmed the ALJ's RFC determination. (Doc. No. 20 at 1-3). Second, Plaintiff argues that the M & R erroneously affirmed the ALJ's step three reasoning regarding Listing 1.04A. Id. at 3-5. The Court reviews these objections de novo.

A. Plaintiff's Objection to the M & R Concerning RFC Formulation

Plaintiff's first assignment of error is that the M & R incorrectly affirmed the ALJ's determination of Plaintiff's RFC. Id. at 1. Specifically, Plaintiff argues that (1) "an ALJ cannot satisfy her duty to analyze the evidence via 'analysis by proxy' of the State [a]gency non-examining consultant's findings;" (2) the ALJ failed to properly incorporate the analyses of the state agency medical consultants; (3) the ALJ failed perform a proper function-by-function assessment as required by Mascio and SSR 96-8p; and (4) the M & R did not directly address

Plaintiff's own description of her limitations, namely her ability to walk and stand and her need to elevate her legs. Id. at 1-3.

The RFC is an administrative assessment of "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" despite impairments and related symptoms. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); see also 20 C.F.R. § 404.1545(a)(1). SSR 96-8p requires that the ALJ consider "all relevant evidence in the case record," including the claimant's medical history and symptoms and laboratory findings, the effects of treatment, reports of daily activity, recorded observations, medical source statements, and objective effects of symptoms. Id. An ALJ must "include a narrative discussion describing how the evidence supports each conclusion" in the RFC, Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and discuss which evidence the ALJ found credible and why, see id. at 189 (quoting Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013)). Once the ALJ performs a function-by-function analysis, only then may an ALJ express the RFC of the exertional levels of light, medium, heavy, and very heavy. See SSR 96-8p, 1996 WL 374184, at *1. "Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." Thomas v. Berryhill, No. 17-2215, 2019 WL 193948, at *3 (4th Cir. Jan. 15, 2019).

Here, as the M & R notes and a review of the record confirms, the ALJ considered all of the relevant medical evidence, as well as Plaintiff's own allegations regarding her symptoms and daily activities. (Tr. 35-44). Importantly, the ALJ gave several reasons, citing to the record, for discrediting Plaintiff's allegations that she was unable to perform the requisite jobs functions. Id. The ALJ also evaluated Plaintiff's credibility in determining Plaintiff's RFC as required by Mascio. Ultimately, the ALJ concluded that Plaintiff was limited to light work as defined in 20

5

C.F.R. 404.1567(b) with additional limitations. (Tr. 35). Accordingly, the Court finds that the ALJ's RFC assessment complies with SSR 96-8p and is supported by substantial evidence.

While Plaintiff is correct that "an ALJ cannot satisfy her duty to analyze the evidence via 'analysis by proxy' of the State [a]gency non-examining consultant's findings," see Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (citing Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995) (holding that reliance on the opinion of nonexamining physicians cannot, by itself, constitute substantial evidence)), an ALJ may satisfy the function-by-function requirement by referencing a properly conducted function-by-function analysis of state agency consultants, see Settlemyre v. Colvin, No. 5:14–cv–00199–MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, No. 5:14-cv-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, *in part*, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96–8p.") (emphasis added) (citations omitted). Contrary to Plaintiff's assertion, the M & R did not find that the ALJ satisfied the function-by-function requirement by relying solely on the state medical opinions. Rather, the M & R concluded that the ALJ satisfied the function-by-function requirement under SSR 96-8p by assessing the inconsistencies in the record; Plaintiff's own description of limitations from alleged symptoms; unfavorable and favorable medical evidence; and the state agency function-by-function analysis. See (Doc. No. 20 at 5-6). This Court agrees.

Plaintiff next argues that the ALJ failed to properly reference and evaluate the consulting opinions of Doctors Levin and Clayton. (Doc. No. 20 at 2). The ALJ must consider the opinions provided by medical sources "together with the rest of the relevant evidence." SSR 96–8p, 1996 WL 374184, at *7. The ALJ must also address those opinions and—if they conflict with the ALJ's assessment of the claimant's RFC—must explain why the opinions were not adopted. Id. Here, the

ALJ discussed the state agency medical consultant opinions; accorded the consulting opinions some weight because they were supported and consistent with the evidentiary record; and incorporated those opinions into her RFC determination based on her assessment of the overall record. (Tr. 43-44). Based on the totality of the evidence, including the medical opinions in the record, the ALJ found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) with limitations to occasional stooping and crouching, and requiring a sit/stand option to alternate positions approximately twice per hour, without losing productivity. (Tr. 35, 44). Thus, the Court finds that the ALJ complied with the requirements of SSR 96-8p and her assessment of those opinions is supported by substantial evidence. Notably, the ALJ reached more restrictive conclusions about Plaintiff's abilities than the state agency medical consultants.

Finally, Plaintiff argues that the M & R erred by not directly addressing Plaintiff's own description of her limitations. Id. at 3. The Court finds that Plaintiff's argument is without merit as it confuses the role of the magistrate judge in reviewing an ALJ's decision. The courts' review of the ALJ decision is limited to: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390, 401 (1971). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir.1996)). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). This Court finds that the M & R applied the proper standard of review and properly analyzed the ALJ decision. Upon de novo review of the record, this Court also finds that the ALJ properly considered Plaintiff's descriptions of her own limitations as required under SSR 96-8p. Because Plaintiff fails to raise a persuasive argument that

the law was misapplied or that the RFC was unsubstantiated with substantial evidence, this Court finds that the Plaintiff's first objection regarding the ALJ's RFC determination is overruled.

B. Plaintiff's Objection to the M & R Concerning Listing 1.04

Plaintiff's next assigns error to the portion of the M & R affirming the ALJ's finding that Plaintiff's impairments did not meet or medically equal the requirements of Listing 1.04(A). (Doc. No. 20 at 3-5). Plaintiff raises objections concerning straight leg raise testing and whether there was sufficient evidence in the record to satisfy the other conditions of Listing 1.04(A). Id. at 4.

To qualify as disabled under Listing 1.04(A), a claimant must demonstrate: (1) evidence of nerve root compression characterized by neuro-anatomic distribution of pain; (2) limitation of motion of the spine; (3) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss; and (4) if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). 20 C.F.R. Part 404, Subpart P, App'x 1, § 1.04(A) (quotation marks omitted); Duckworth v. Berryhill, No. 5:15-cv-00129, 2017 WL 1528757, at *6 (W.D.N.C. Apr. 26, 2017). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). The burden of demonstrating that an impairment meets or equals a listed impairment rests with the claimant. Id.; see also Kellough v. Heckler, 785 F.2d 1147, 1152 (4th Cir. 1986). This burden requires the claimant to "present medical findings equal in severity to *all* the criteria for that listing . . . ." Odoms v. Colvin, No. 1:15-cv-00252-MOC, 2016 WL 3679293, at *4 (W.D.N.C. July 11, 2016) (citing Sullivan, 493 U.S. at 530–31) (emphasis in original).

The ALJ must clearly articulate the reasons for her decision regarding a listed impairment. Kiernan v. Astrue, 3:12-cv-459–HEH, 2013 WL 2323125, at *5 (E.D. Va. May 28, 2013). A cursory explanation in step three is satisfactory so long as the decision as a whole demonstrates

that the ALJ considered the relevant evidence of record and there is substantial evidence to support the conclusion. See Smith v. Astrue, 457 F. App'x 326, 328 (4th Cir. 2011). For example, "[w]here the ALJ analyzes a claimant's medical evidence in one part of the decision, there is no requirement that [she] rehash that decision in [her] Step 3 analysis." Kiernan, 2013 WL 2323125, at *6 (citing Smith, 457 Fed. App'x at 328). What is required is that the ALJ's decision has sufficient discussion of the evidence and explanation of its reasoning such that meaningful judicial review is possible. Id. (citing Diaz, 577 F.3d at 504). Ultimately, the role of this Court is to examine the record to determine if substantial evidence supports the ALJ's decision.

Here, the ALJ's analysis was sufficiently detailed at step three to allow for meaningful judicial review. At step three, the ALJ stated:

> Listing 1.04 requires the presence of a compromise of a nerve root. The evidence of record is devoid of such evidence. Furthermore, even if there was evidence of nerve root compromise, the claimant does not show motor loss, muscle weakness, sensory or reflex loss. The record also does not reveal spinal arachnoiditis with a need to change position or posture more than once every two hours or lumbar stenosis with the inability to ambulate effectively. The claimant has not met her burden of presenting medical evidence that supports such a finding. Radford v. Colvin was considered. The undersigned notes that the claimant admitted that her impairments did not meet the criteria of any of the listing impairments. The undersigned as reviewed the medical evidence of record in its entirety and finds that the claimant's impairments do not meet or equal the level of severity set forth in any of the listed impairments.

(Tr. 34-35).

Plaintiff objects to the M & R's statements concerning her positive straight-leg raising, arguing that performance of the straight-leg raise test (SLR) in the sitting and supine position can be assumed within the standard of care. (Doc. No. 20 at 3-4); see Newkirk v. Berryhill, No. 7:15-cv-273-BO, 2017 WL 1102615, at *2 (E.D.N.C. Mar. 22, 2017). While the Court agrees that insufficient evidence concerning whether a SLR test was performed in both sitting and supine positions should "not be fatal to plaintiff's claim that [her] condition satisfies Listing 1.04(A),"

see Newkirk, 2017 WL 1102615, at *2, in the instant case the ALJ did not find SLR deficiencies at step 3 of her analysis. Rather, as stated above, the ALJ found that "there was no evidence of compromise of a nerve root and even if there was such evidence, the claimant did not present motor loss, muscle weakness, and sensory or reflex loss." See (Tr. 35). Because Plaintiff failed to meet her burden as to the severity of all the criteria for Listing 1.04(A), the ALJ concluded that Listing 1.04(A) was not satisfied.

As the M & R notes, and this Court agrees, these findings are sufficient to meet the ALJ's obligation to explain why Listing 1.04(A) is not satisfied. The fact that "the ALJ does not spell out every fathomable consideration is not reversable error." Smith v. Astrue, 2:11–cv–32, 2012 WL 1435661, at *6 (N.D. W.Va. Apr. 24, 2012) (citation omitted). A review of the decision as a whole indicates that the ALJ's step three conclusion is supported by substantial evidence, and that the ALJ's step three analysis does in fact support her conclusion that Plaintiff does not meet or medically equal Listing 1.04(A). The Court cannot reweigh the evidence or substitute its judgment for that of the ALJ. See Hays, 907 F.2d at 1456. Thus, Plaintiff's objection to the M & R concerning Listing 1.04(A) is overruled.

IV. CONCLUSION

For the foregoing reasons, the Court ADOPTS the M & R (Doc. No. 19), DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 11), and GRANTS Defendant's Motion for Summary Judgment (Doc. No. 17). Therefore, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: February 26, 2019

Frank D. Whitney
Chief United States District Judge